UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-208 (1) (ECT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS POSITION WITH** |
| v. | ) | **RESPECT TO SENTENCING** |
| | ) | |
| DIVAUNTE KARTRELL YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

\*           \*           \*

Divaunte Young, through counsel, respectfully asks that the Court calculate his advisory Sentencing Guidelines range at 140-175 months imprisonment. Mr. Young respectfully requests that the Court grant a post-<u>Booker</u> downward variance, and impose a 60 month term of imprisonment. In the alternative, counsel would request that the Court impose a 120 month term of imprisonment. Such a sentence would be sufficient, but not greater than necessary, to achieve the sentencing goals outlined in 18 U.S.C. §3553(a).

## GUIDELINES CALCULATIONS

Mr. Young was indicted on May 31st, 2023, on one count of Felon in Possession of a Firearm on March 19th, 2023, in violation of 18 U.S.C. §922(a)(1), 924 (a) (8). Mr. Young exercised his Constitutional right to a trial, and was found guilty by a jury on March 26th, 2025.

Mr. Young respectfully disagrees with the guidelines calculation as set forth in the Presentence Report (PSR). The PSR calculated an adjusted offense level of 30 (base

1

offense level 24, a 4-level increase for possessing the firearm in connection with another felony offense, and a 2-level increase for obstruction of justice) and a criminal history category of VI, resulting in an advisory Sentencing Guidelines range of 168-210 months. However, due to the statuary maximum term being 180 months, the final advisory Sentencing Guidelines range is 168-180 months.

Mr. Young respectfully disagrees with these calculations, and asks that the Court determine that his advisory Sentencing Guideline range is 140-175 months (base offense level 24 with a criminal history category of VI, based on his objections to the PSR previously filed.

## LAW ON SENTENCING

Pursuant to statute, the sentencing court is required to consider all the factors listed under 18 U.S.C. §3553(a) in determining an appropriate sentence. The primary directive in §3553(a) is for the sentencing court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a), listed below;

A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. To afford adequate deterrence to criminal conduct;

C. To protect the public from future crimes of the defendant;

D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimum sufficient sentence, 18 U.S.C. §3553(a) further directs the sentencing court to consider the following factors;

1) The nature and circumstances of the offense and the history and

    circumstances of the Defendant;

2) The kind of sentences available;

3) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

4) The need to provide restitution to any victims of the offense.

As recognized in Kimbrough v. United States, 128 S.Ct. 558 (2007), a sentencing judge need not always accept the policy judgments implicit in the Guidelines. The Court must examine other factors to create a sentence that reflects the seriousness of the offense, promotes respect for the law, and to provide a just punishment. While the Sentencing Guidelines range may serve as a starting point and an initial benchmark, the sentencing court may not presume that the Guidelines range is reasonable, and must make an individualized assessment as to the appropriate sentence based on all the relevant facts presented. Kimbrough. A post-Booker variance from the Guidelines based on a policy or "categorical" disagreement with the Guidelines, where the Guidelines in question "do not exemplify the (Sentencing) Commissions exercise of its characteristic institutional role" is entitled to as much "respect" as traditional "outside the heartland departures". Spears v. United States, 555 U.S. 261, 264 (2009). The focus of the sentencing court, therefore, is not whether to impose a Guideline sentence or to vary from the Guidelines. Instead, the lynchpin of the sentencing determination process involves a focus on the overarching provision instructing districts courts to "impose a sentence sufficient, but not greater than necessary" to achieve the goals of sentencing". Kimbrough, 128 S. Ct. at 570.

## SENTENCING FACTORS IN THIS CASE

In this case the analysis of the sentencing factors the Court is required to consider demonstrate that a 120-month term of imprisonment is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. §3553(a).

1. **The nature and circumstances of the offense and this history and characteristics of the defendant.**

The nature and circumstances of the offense are relatively straight forward: law enforcement found Mr. Young asleep in the passenger seat of a vehicle parked on the streets of Rochester, Minnesota, following a 911 call by the registered owner. The owner testified that she had picked up Mr. Young that evening, having met him a few weeks earlier, and that he asked her to drive him to Minneapolis/ St Paul in exchange for $200. The owner refused and drove to a gas station where she called a friend for assistance, as Mr. Young was refusing to exit the vehicle unless he was driven to the cities. The owner testified that Mr. Young was in possession of a handgun and showed it to her while making a "joke" about blowing up the car if she did not drive him to the cities. Ultimately, the owner drove the car to a residential area in Rochester where she abandoned the vehicle with Mr. Young inside. Several hours later she called 911 to report the incident, and law enforcement was able to locate the vehicle and place Mr. Young under arrest. A subsequent search of the vehicle resulted in the discovery of a loaded handgun, along with a personal use amount of cocaine. At the time of this incident, Mr. Young was a convicted felon.

This is indeed a serious criminal offense as it involves illegal possession of a loaded firearm by a convicted felon, who was also in possession of a personal use amount of

cocaine. While there are no direct and identifiable victims of this offense, it has serious and indisputable effects on the community and State of Minnesota.  Mr. Young is in no way attempting to minimize his illegal conduct or the seriousness of the offense.

The history and characteristics of Mr. Young reveal a young man (23 years old) man who has endured a chaotic, traumatic, violent, and unstable life. Mr. Young was raised in a large family in a violent area of Chicago, primarily reared by his mother. When Mr. Young was ten years old his mother moved the family to Minnesota hoping to get away from the violence and gang activity in Chicago. Mr. Young, whose parents had separated when he was very young, rarely saw his father after this point. Mr. Young's mother was a severe alcoholic, and her boyfriend was physically abusive to her as well as Mr. Young. Additionally, Mr. Young was also emotionally and sexually abused, which led him to frequently absent his home and school. Mr. Young also suffered greatly from mental health issues, having been hospitalized for psychiatric care five times between the ages of nine and seventeen, with each admission lasting several weeks. While Mr. Young had sporadic mental health treatment, none of it was either consistent or long term. As a result, Mr. Young has attempted suicide a number of times beginning at the age of eight years old.

Mr. Young began experimenting with illegal drugs at the age of nine, using ecstasy by age fourteen, and then began using opioids (heroin, fentanyl, pills) in 2022. As a result of this chaos, instability and abuse, Mr. Young became involved in criminal activity by the age of twelve, and spent most of his adolescence in locked juvenile

treatment facilities throughout Minnesota. It is difficult to exaggerate the chaos and the adverse circumstances that Mr. Young has endured throughout his young life.

2. **The kinds of sentences available.**

In this case due to the nature of the offense and Mr. Young's criminal history, a term of imprisonment is contemplated by the Sentencing Guidelines. While Mr. Young desires to be released from custody as soon as possible to address his chemical and mental health issues and to rejoin his family, he understands and accepts his legal reality.

3. **The needs to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

Analysis of the sentencing factor also demonstrates that a 120-month term of imprisonment would not only serve the required purposes of §3553(a), but would also provide a sentence "sufficient, but not greater than necessary". While the PSR accurately points out that similar situated defendants received a sentence of 166 months (PSR p.100), this does not reflect an individual assessment of Mr. Young and the horrific circumstances he has endured growing up and having to navigate. Again, without attempting to minimize the conduct in this offense, Mr. Youngs' conduct was not particularly noteworthy for this type of criminal case.

4. **The need to provide restitution to any victims of the offense.**

This factor does not apply, as the identified victim (although not technically a "victim" of this offense) did not suffer any economic loss as a result of Mr. Young's actions. While illegal firearms possession poses a very real danger to the community in general, a 120-month term of imprisonment is "sufficient, but not greater than

6

necessary" to achieve the goals of §3553(a), The sooner that Mr. Young can be rehabilitated and released into the community, the sooner he can become a productive and healthy member of the society

## CONCLUSION

Mr. Young is a young man who has endured a chaotic, unstable, and traumatic life to date, and has struggled mightily with chemical and mental health issues. It appears likely that these issues stem from his childhood experiences and family history. Mr. Young has become ingrained in a criminal lifetime in part due to these factors. Despite this, Mr. Young is remorseful and ashamed of the criminal activity that has brought him before the Court.

Mr. Young respectfully requests that the Court grant him a post-<u>Booker</u> downward variance and impose a 60-month term of imprisonment. Alternatively, counsel would respectively request that if the Court does not agree with Mr. Young's request, that the Court impose a 120-month term of imprisonment. Mr. Young also respectfully requests that the Court recommend to the Bureau of Prisons that he placed in a facility with the R.D.A.P. program, as well as a facility located in Minnesota.

Respectfully submitted,

By /S/*Robert M. Paule*
Robert M. Paule
Attorney License No 203877
Attorney for Defendant
920 2nd Avenue South, Suite 975
Minneapolis, MN  55402
Telephone: (612) 332-1733

DATED:   This 22nd day of August, 2025.

7